UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID FINO, <br> # 19167583 <br><br> Plaintiff <br><br> v. <br><br> SUSAN REED, <br> VALERIA DIAZ, <br><br> Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> Civil Action <br> No. SA-10-CA-1021-OG (NN) |

**SHOW CAUSE ORDER**

Plaintiff David Fino has filed a 42 U.S.C. § 1983 civil rights complaint (Docket Entry No. 1). Plaintiff contends on June 24, 2009, CPS alleged Plaintiff and Sally Fino physically and sexually abused their three children. Plaintiff states the allegations of abuse were ruled out, because there was no physical evidence of abuse and there was no prior history of outcry by the children. Plaintiff asserts on November 4, 2009, CPS alleged Plaintiff sexually abused his daughter. On November 17, 2009, Plaintiff was arrested in Arkansas and was transported to San Antonio. At a bond hearing in San Antonio, Sally Fino and Plaintiff's daughter said they had lied about sexual abuse and about being kidnaped and taken to Arkansas. Plaintiff contends the District Attorney threatened Sally Fino with criminal charges if she did not file for divorce and a restraining order and if she did not testify against Plaintiff. Plaintiff states that their children were taken away in August 2010 because Sally Fino did not cooperate with CPS and the District Attorney. Plaintiff claims Defendants took the children away and Defendants threatened Sally Fino with charges if she did not file for a divorce and restraining order and did not testify. Plaintiff asks this Court to order the State of Texas to dismiss the case, make Defendant Diaz resign, and to award money for damages.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's Complaint is frivolous and fails to state a claim for federal civil rights relief under 42 U.S.C. § 1983 and therefore is subject to dismissal for the following reasons*.

1.  To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456

U.S. 918 & 919 (1982).

Plaintiff's allegations are conclusory and vague. He does not allege Defendants violated his constitutional rights.

2. Plaintiff shall state whether he was charged with criminal offenses relating to this incident, and, if so, the offense he was charged with, the case number and place of the proceeding, and the result of that proceeding (i.e., whether the charges are still pending; whether Plaintiff was found not guilty or guilty or were the charges dismissed; and what was the punishment, if any).

In *Heck v. Humphrey*, 512 U.S. 477, 86-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Thus, whether Plaintiff's case may proceed may depend on whether there have been criminal charges, the nature of any such charges, and the disposition of any such charges.

If Plaintiff has been convicted of a crime and seeks release, he may not initially challenge his confinement pursuant to a sentence through a § 1983 action; such challenges should be raised in a habeas corpus petition after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A § 1983 claim for damages arising from wrongful

confinement pursuant to a sentence does not accrue until that confinement has been "declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87. Thus, if Plaintiff was convicted of a crime and he seeks release, but his confinement pursuant to his sentence has not been declared unlawful on direct appeal or through habeas corpus, he has no basis for a civil rights action. If Plaintiff wishes to challenge the legality of his imprisonment, he must do so in a habeas corpus proceeding after exhausting his state remedies.

This Court declines to construe the complaint as a habeas corpus petition, because it does not appear Plaintiff has exhausted his claims in state court. Habeas corpus relief, whether sought pursuant to 28 U.S.C. § 2254 or § 2241, is not available until the petitioner has exhausted the available State remedies. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987). To exhaust state remedies in Texas, a petitioner must present her claim to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). According to the Texas Court of Criminal Appeals's website, Petitioner has not filed a state habeas corpus application since 1992. Therefore, his claim is unexhausted.

If Plaintiff's state criminal charges are still pending, the federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case. *See Younger v. Harris*, 401 U.S. 37, 41, 53-54 (1971). "With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings, and this case does not present the kind of 'special circumstances' which might require a different result." *In re Justices of Massachusetts Superior*

*Court*, 218 F. 3d 11, 19 (1st Cir. 2000).

**Within twenty-one (21) days from the date of this Order, Plaintiff shall state whether he was charged with criminal offenses relating to this incident, and, if so, the offense he was charged with, the case number and place of the proceeding, and the result of that proceeding (i.e., whether the charges are still pending; whether Plaintiff was found not guilty or guilty or were the charges dismissed; and what was the punishment, if any).  Also within twenty-one (21) days from the date of this Order, Plaintiff shall show cause why his civil rights complaint should not be dismissed as frivolous and for failure to state a claim by filing a signed amended complaint curing these deficiencies or explaining to this Court why his complaint should not be dismissed**.  If Plaintiff fails to respond to this Order his complaint will also be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with an order of his Court.  Alternatively, Plaintiff may request voluntary dismissal of this case.  Fed. R. Civ. P. 41(a)(1).

**SIGNED** on December 22, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE